UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:  14-20106-CV-UNGARO/OTAZO-REYES

HEATHER RILEY,
individually and on behalf of all others
similarly situated,

    Plaintiff,
v.

HOME RETENTION SERVICES, INC.,
et. al.,

    Defendants.
_____ /

**PLAINTIFF HEATHER RILEY'S  MOTION FOR RECONSIDERATION OF MAY 13 ORDER OF DISMISSAL AND FOR EXTENSION OF TIME TO SERVE DEFENDANTS MICHAEL GABRIELLI AND THE CERTIFICATE-HOLDERS OF CWABS ASSET-BACKED CERTIFICATES TRUST 2007-11**

## I.  MOTION

Plaintiff and putative class representative Heather Riley hereby moves for a reconsideration of this court's May 13, 2014, order dismissing Defendants Michael Gabrielli ("Gabrielli") and The Certificate-Holders of CWABS Asset-Backed Certificates Trust 2007-11, a/k/a CWABS, Inc. Asset-Backed Certificates Trust 2007-11 ("the CWABS 2007-11 Certificate-Holders") among others,  and for an extension of time to serve them.

## II.  MEMORANDUM OF LAW
### INTRODUCTION

The claims in this action arise out of a mortgage held by Defendant The Bank of New York Mellon ("BNYM", but referred to by the acronym BONY in the Amended Complaint), which  BNYM has represented to be owned by the CWABS 2007-11 Certificate-Holders. BNYM holds all right, title and interest in the trust corpus for the use and benefit of those Certificate-Holders, and filed a foreclosure lawsuit in a Florida state court against Plaintiff concerning that mortgage.  Plaintiff has alleged that a form letter sent on behalf of BNYM, on

the letterhead of Bank of America, N.A. and bearing a signature block containing the name "Michael Gabrielli," offered her (and her ex-husband) a "principal reduction" in the approximate estimated amount of $159,686.65.  See D.E. 58-1, p.3.  Plaintiff accepted that offer by performance, but was provided a principal reduction far smaller.

A.  **Facts/procedural history**

This action was filed on January 10, 2014.  On May 13, 2014, 12 days after the Complaint was filed, this court dismissed Gabrielli, the CWABS 2007-11 Certificate-Holders, and Defendants Elisabeth Ramsay and Phillip Ewing, *sua sponte*, for failure to timely effect service of process, without prejudice.  DE 106.  However, the day prior to that, May 12, the undersigned attorney was advised that the law firm of "Wachtell Lipton has obtained authorization to accept service of the Amended Complaint on Mr. Gabrielli's behalf."  Wachtell Lipton ("Wachtell")'s email followed attempts at service on Gabrielli in both Houston, Texas, and at an address provided by attorneys for Bank of America, N.A. and Bank of America Corporation in Western New York.  The dismissal was not on motion, and Plaintiff respectfully points out that this court did not provide Plaintiff any notice, as required by Fed.R.Civ.Pro. 4(m).

The identities of the CWABS 2007-11 Certificate-Holders are still unknown to Plaintiff

B.  **Rule 4(m) does not allow *sua sponte* dismissal**

Fed.R.Civ.Pro. 4(m) provides,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own **after notice** to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In *SEC v. Levin*, No. 12-21917-CIV, 2013 WL 594736 (S.D. Fla. Feb. 14, 2013), this court stated,

> "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify

2

reconsideration: "(1) an intervening change in the controlling law; (2) **the availability of new evidence**; and (3) the need **to correct clear erro**r or prevent manifest injustice." Id. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D.689, 694 (M.D. Fla. 1994)). The party moving for reconsideration "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

The facts of this case and the law are of a strongly convincing nature with respect to the May 13 order. Rule 4(m) requires either that the dismissal be on motion, or "after notice" to the plaintiff. The *sua sponte* May 13 order of dismissal was not on motion, and no notice was provided to Plaintiff in advance of the dismissal. On these grounds alone, the dismissal must be vacated as per Rule 4(m). This court did issue an Order to Show Cause on March 17. D.E. 53. However, Plaintiff timely complied with that order. D.E. 54. Moreover, the March 17 order, issued only 66 days after this action was filed, did not appear to pertain to the 120-day deadline of Rule 4(m). The language of Rule 4(m) is such that it assumes that any good cause showing will be after "the failure" to serve within the 120 days. Thus, unlike for other extensions of time, Plaintiff need not meet the higher standard of excusable neglect merely because she has not requested an extension of time prior to the service deadline.

C. **Michael Gabrielli**

  **i. Gabrielli was timely served**

Fed.R.Civ.Pro. 6(a) provides that "in computing any time period specified in these rules, … (1) … When the period is stated in days or a longer unit of time: (C) … if the last day is a Saturday…, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The 120th day from the filing of the Complaint was Saturday, May 10. Wachtell accepted service for Gabrielli on Monday, May 12, the very next business day. Thus, Gabrielli was timely served.

  ii **Good cause**

Even if the court does not consider Gabrielli to have been served via Wachtell's acceptance of service, under Rule 4(m), "if the plaintiff shows good cause for the failure, the court **must** extend the time for service for an appropriate period" {emphasis supplied).

3

As stated by the Eleventh Circuit in *Rance v. Rocksolid Granit Usa, Inc*., 583 F.3d 1284, 1287 (11th Cir., 2009),

> Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service*." Lepone-Dempsey*, 476 F.3d at 1281 (citation and alteration omitted). **Even if a district court finds that a plaintiff failed to show good cause**, "the district court **must** still consider whether any other circumstances warrant an extension of time based on the facts of the case" [emphasis supplied]. *Lepone-Dempsey*, 476 F.3d at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id. Nonetheless, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp,* 402 F.3d at 1132.

As good cause for the additional time requested herein, Plaintiff further provides additional specifics and arguments with respect to Gabrielli.

Gabrielli's name appears as the author on Exhibits A and B to the Amended Complaint, the two key documents in this action. Exhibit A, which is on the letterhead of Bank of America, N.A. ("BOA"), is dated May 14, 2013. As set forth above, prior to the order of dismissal in question, the undersigned had received an email from an attorney of record in this case, stating, "Wachtell Lipton has obtained authorization to accept service of the Amended Complaint on Mr. Gabrielli's behalf." See accompanying Declaration of Andrew Bennett Spark. Plaintiff had presumed that such letter was indicating that Wachtell Lipton would be filing a response on behalf of Gabrielli without any further action on Plaintiff's part.

Prior to the acceptance of service by Wachtell, Plaintiff had been attempting to serve Gabrielli with substantial diligence. Based on the return address to those communications and upon other information, Plaintiff has alleged, however, that the letters were not sent by BOA, but rather by Defendant Home Retention Services, Inc. ("HRSI"). For that reason, further detailed in Plaintiff's Statement Regarding Failure to Effect Service, D.E. 52-3, Plaintiff first attempted to serve Gabrielli at HRSI's office in Houston, but Plaintiff's process server was advised that he was not an employee. See D.E. 52-5. At the time, Plaintiff had otherwise been unable to find any addresses for Gabrielli, and has suspected that the name "Michael Gabrielli" is merely a desk

4

name or alias.[1] Further efforts of Plaintiff to serve Gabrielli are detailed in her status report filed April 18, D.E. 54, and include, on April 10, serving an interrogatory and Request for Production intended to ascertain his contact information. See Spark Declaration. It is notable that while the Bank of America defendants listed Gabrielli as a witness in their Rule 26 disclosures, the address they provided him for him was their attorney's office in Miami. See D.E. 47-1, p.3.

In the meantime, in the spirit of this court's Discovery Practices Handbook,[2] Plaintiff has been attempting to informally obtain an address at which to serve Gabrielli. Plaintiff inquired of the BOA and Defendant Bank of America Corporation as to their willingness to provide responses limited to the aforementioned discovery and similar discovery other unserved defendants on an accelerated basis, but they declined to do so. Specifically, on April 18, the undersigned asked an attorney for BOA if they could respond by April 25. While BOA did not formally respond to the interrogatory early, on April 25 they did informally provide an address for Gabrielli of 2970 Transit Road, West Seneca, New York 14224. Plaintiff then duly attempted service on Gabrielli on May 7 at that address, but the process server reported that he was unable to serve him. See accompanying Affidavit of Due-Diligence of John M. Celano. The process server was told that Gabrielli was not there, and deduced that it would be highly unlikely to serve Gabrielli on the way in or out of that Bank of America location since so many people worked there. The process server did note that someone who identified herself as a Vice President stated she was aware of the case and could accept documents.

Within days of Plaintiff's undersigned attorney being given the New York address, the undersigned resumed attempts to find a home address for Gabrielli, but the nearest "Michael Gabrielli" or "Mike Gabrielli" that Plaintiff found online but could not rule out was him lives more than 100 miles from the Bank of America office Plaintiff had attempted at. See Spark Declaration.

On May 10, as a prerequisite for moving for an extension of time to serve Gabrielli, the undersigned conferred with a BOA attorney-of-record in this case, as required by local rule, via

---

[1] Indeed, despite the fact that Wachtell has agreed to accept service for Gabrielli, Plaintiff is still unsure that Gabrielli – if he was an actual person – was employed by BOA and not HRSI or an affiliate of HRSI.

[2] Appendix A to this court's local rules provides,
  "A. Preparing and Answering Interrogatories.
  (1) Informal Requests. Whenever possible, counsel should try to exchange information informally."

5

email, and also conferred with an attorney for HRSI, who stated no objection. BOA responded by sending the May 12 email agreeing to accept service.

Good cause for an extension of time to serve a defendant may be found where the plaintiff has acted with substantial diligence and good faith, but fails to effect service because of some minor neglect. *In re Dyer*, 330 B.R. 271, 276 (Bankr.M.D.Fla., 2005). Plaintiff has clearly acted with substantial diligence and good faith. There has been no neglect on Plaintiff's part. Indeed, Plaintiff assumed that Gabrielli was served on May 12, and had no expectation that an order of dismissal would be rendered the very next day. If Plaintiff had been given notice, as required by Rule 4(m), Plaintiff could have immediately advised the court that Wachtell had agreed to accept service on behalf of Gabrielli.

Moreover, Plaintiff has acted diligently to serve Gabrielli, first trying to serve him at the address from which letters his name appears in the signature block of were sent, then taking discovery of the defendant whose letterhead was used for those letters (BOA), and then attempting to serve him at that address, all the while continuing to investigate other possible addresses for him. Even if Gabrielli had no role in secreting his address, good cause can be attributed to other parties. *Serrano v. Figueroa–Sancha*, 878 F.Supp.2d 301, 314 (D.P.R., 2012).

iii. **Other factors**

Even in the absence of good cause, Rule 4(m) grants discretion to the district court to extend the time for service of process in the absence of a showing of good cause. As held by the Eleventh Circuit,

> In reviewing a district court's exercise of such discretion, we again look to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause. See *Panaras*, 94 F.3d at 338. In its Note, the Committee explained:
>
> > Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.
>
> Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments.

*Horenkamp v. Van Winkle and Co., Inc.,* 402 F.3d 1129, 1132-33 (11th Cir. 2005).

In the instant case, the statute of limitations would bar parts of a refiled action against Gabrielli. The statute of limitations under the Fair Debt Collection Practices Act is one-year as

6

per 15 U.S.C. § 1692k(d).  Exhibit A to the Amended Complaint, which, along with the other communications in materially identical form, is the key document in this action, is dated May 14, 2013, more than a year ago.  The Legislative Statement—1983 Amendment, to Rule 4, provides,

> If … the plaintiff has made reasonable efforts to effect service, then the plaintiff can move under Rule 6(b) to enlarge the time within which to serve or can oppose dismissal for failure to serve. A court would undoubtedly permit such a plaintiff additional time within which to effect service.

Clearly, Plaintiff has made reasonable efforts to effect service on Gabrielli.  Thus, "it [is] incumbent upon the district court to at least consider this factor."  *Lepone-Dempsey*, 476 F.3d at 1382.

Other courts have applied a four-factor test in the exercise of their discretion under Rule 4(m).  *Dyer*, 330 B.R. at 278.

> In exercising this discretion, courts consider 1) whether the statute of limitations would bar a re-filed action, 2) **whether the defendant attempted to conceal the defect in service**, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and 4) **whether the defendant had actual notice of the claims asserted in the complaint**

(emphasis supplied).  *Id.*  If there really is a "Michael Gabrielli" who works for BOA, it is safe to presume that he had actual notice of the claims asserted in the complaint, because Wachtell presumably would not accept service on behalf of someone who did not even know about the lawsuit, and because the person who was handed the Summons and Amended Complaint at the Bank of America office at the New York address provided by BOA admitted that she was aware of this lawsuit.

Key evidence set forth above regarding Plaintiff's efforts to serve Gabrielli, including the attempt in New York and Wachtell's acceptance of service on his behalf, are new evidence, not known to this court when it issued the May 13 order which Plaintiff asks be reconsidered.  This information, including the attempts at service on Gabrielli in New York, is of a strongly convincing nature that should cause this court to reconsider the order with respect to Gabrielli.

D. **The Unknown CWABS 2007-11 Certificate-Holders**

As Plaintiff has set forth in the Amended Complaint and elsewhere, the identity of the CWABS 2007-11 Certificate-Holders is not known to her.  As discussed at length in Plaintiff's

Memorandum in Opposition to BNYM's Motion to Dismiss, D.E. 109, pp. 4-8, 15, the CWABS 2007-11 Certificate-Holders are the beneficiaries of the securitized trust which BOA of America, and BNYM have asserted own Plaintiff's home loan. Indeed, BNYM filed a foreclosure suit against Plaintiff as Trustee for those beneficiaries, via a foreclosure Complaint verified by BOA.

      As noted in her April 18 Status Report, D.E. 90, Plaintiff served substantial discovery upon BOA to determine the identity of the certificate-holders. However, BOA has also claimed that it does not know who the CWABS 2007-11 Certificate-Holders are, either, and objected to Plaintiff's interrogatory asking about same, including on the ground that it sought information that may be more appropriately obtained from BNYM. However, despite the extensive trustee duties that BNYM has with respect to the Certificate-Holders under the governing PSA agreement,[3] counsel for BNYM has informally asserted that BNYM does not generally know who the beneficiaries of the securitized trusts for which it serves as trustee are, since nearly all certificates are held at securities depositories, the depositors of which are not the certificate-holders, but custodial banks acting on behalf of the certificate-holders.[4]

      Plaintiff alleges that the Certificate-Holder are proper parties to this suit since they are the principal on whose behalf Bank of America acted as agent, and who would therefore be liable as principal on some of the claims in this action, including, but not necessarily limited to, breach of contract, unjust enrichment and promissory estoppel; they own the loans that Plaintiff seeks reformation of. The certificate-holders are the principals on whose behalf Exhibits A and B to the Complaint were ultimately sent, their interest being that of the beneficiaries of the securitized trust which owns Plaintiff's mortgage-loan. Typical of securitized trusts, the CWABS 2007-11 Trust was comprised of a pool of loans, the principal beneficiaries of which were the investors who purchased certificates. As noted by Plaintiff in D.E. 52-3, Plaintiff has identified one person who has held certificates in the trust, Stichting Pensioenfonds ABP ("SP ABP"). However, Plaintiff does not know if SP ABP was still a certificate-holder at times material to this action, and notes that as per a Form 15 filed by the SEC in 2008, the CWABS

---

[3] Section 5.02 of the PSA agreement requires that "[t]he Trustee shall maintain a Certificate Register .…" D.E. 101-1. Addresses of Certificateholders appear in the Certificate Register. See PSA § 4.04(i).

[4] It is unclear to Plaintiff whether BNYM has flatly denied knowing the identity of the any of CWABS 2007-11 Certificate-Holders. Prior to the dismissal, Plaintiff did serve discovery to BNYM to determine their identities, see Spark Declaration, and has not received any information or documents concerning the identity of the Certificate-Holders in response.

2007-11 trust was down to only four certificate-holders. See D.E. 54-1.  Plaintiff has reviewed all of the documents available at www.sec.gov in order to obtain this information, and has expended substantial hours conducting an online investigation. Plaintiff has also inquired of the Securities and Exchange Commission for pertinent documents.

Since Plaintiff has been diligent in seeking the identity of the CWABS 2007-11 Certificate-Holders, the court has discretion to permit an extension of time under Rule 4(m) to allow service on them once identified. *Dillman v. Tuolumne Cnty.,* Case # 1:13-cv-00404-LJO-SKO, slip. op. 13 (E.D.Cal., Jan. 21, 2014).

E. **Ramsay and Ewing**

Plaintiff attempted to serve Ramsay and Ewing in Houston at the same time that she attempted to serve Gabrielli, and has taken the same discovery to ascertain their address(es) that she took regarding Gabrielli.  BOA has advised that Ramsay and Ewing are former employees and has placed conditions on disclosing any additional information about them.  See Spark Declaration.

## CONCLUSION

"An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed.R.Civ.Pro. 4(d)(1). Gabrielli is such a person, and perhaps one or more of the Certificate-Holders are, as well.  Wachtell accepted service for Gabrielli on May 12, 2013, within the 120-day deadline.

No motion was filed seeking dismissal for failure to serve any defendant within the 120 days, and Plaintiff was not give notice.  The *sua sponte* dismissal is contrary to Rule 4(m), and that fact alone justifies reconsideration of the May 13 order in its entirety.

Moreover, Plaintiff has shown good cause for her failure to serve all of the defendants, and even if there not good cause, claims against Gabrielli would be time-barred if suit were refilled, and he presumably knew about this action.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel, Andrew Bennett Spark, hereby certifies that he has conferred with counsel for Bank of America, N.A. and Bank of America Corporation, Joshua Munn, with counsel for HRSI and Defendant Stewart Lender Services, Inc., as well as with several counsel for BNYM during a conference call, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

                                _s/Andrew Bennett Spark_____
                                Andrew Bennett Spark

Certificate of Service

I hereby certify true and correct copies of the foregoing and referenced declarations were served via the CM/ECF system on all parties of record on the Service List below.

Dated June 2, 2014         Respectfully submitted,

                                _s/Andrew Bennett Spark_____
                                Andrew Bennett Spark
                                SPARK LAW CHARTERED
                                Florida Bar Number 0899811
                                9654 W. Hillsborough Ave., #187
                                Tampa, FL  33626
                                Telephone: 813.475.4576
                                Facsimile: 813.441.1117
                                Email: abspark@msn.com

                                Jeffrey B. Lampert, Esq.
                                Florida Bar Number 260800
                                The Barristers Building
                                1615 Forum Place, Suite 4-B
                                West Palm Beach, FL 33401
                                Tel. 561-333-0188
                                Fax 561-333-0588
                                lampertpleadings@gmail.com


*Attorneys for Plaintiffs*

**SERVICE LIST**

EUGENE E. STEARNS, ESQ.
estearns@stearnsweaver.com
GORDON M. MEAD, JR., ESQ.
gmead@stearnsweaver.com
JOSHUA A. MUNN, ESQ.
jmunn@stearnsweaver.com
JENEA M. REED, ESQ.
jreed@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.

Cary A. Lubetsky, Esq.
cal@khllaw.com
Krinzman, Huss & Lubetsky
800 Brickell Ave., Suite 1501
Miami, FL 33131
Telephone: 305-854-9700
Facsimile: 305-854-0508
Attorneys for Defendants HOME RETENTION SERVICES, INC and
STEWART LENDER SERVICES, INC.

R. Eric Bilik
ebilik@mcguirewoods.com
Sara F. Holladay-Tobias
sfhollad@mcguirewoods.com
McGuire Woods, LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207 (fax)
Attorneys for Defendants Countrywide Home Loans, Inc., COUNTRYWIDE FINANCIAL
CORPORATION, and COUNTRYWIDE MORTGAGE
VENTURES, LLC

Martin J.E. Arms
MJEArms@wlrk.com
Caitlin A. Donovan
CADonovan@wlrk.com
Aneil K. Kowali
AKovvali@wlrk.com
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.

Gerard D. Kelly
gkelly@sidley.com
Scott M. Berliant
sberliant@sidley.com
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000
(312) 853-7036 (fax)
Attorneys for Defendants
Home Retention Services, Inc.
and Stewart Lender Services, Inc.

Brian E. Pumphrey
bpumphrey@mcguirewoods.com
McGuire Woods, LLP
One James Center
901 E. Cary St.
Richmond, VA  23219-4030
Telephone: (804) 775-1000
Facsimile:  (804) 698 2018
Attorneys for Defendants Countrywide Home Loans, Inc., COUNTRYWIDE FINANCIAL CORPORATION, and COUNTRYWIDE MORTGAGE VENTURES, LLC

GERALD GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
FREDDY FUNES
Florida Bar No. 87932
ffunes@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1441 Brickell Avenue
Suite 1420
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
ATTORNEYS FOR DEFENDANT The Bank of New York Mellon

Matthew D. Ingber
mingber@mayerbrown.com
Christopher J. Houpt
choupt@mayerbrown.com
Paul W. Hughes
phughes@mayerbrown.com
Mayer Brown LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile:
ATTORNEYS FOR DEFENDANT The Bank of New York Mellon