# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-cv-20106-UU

HEATHER K. RILEY,

      Plaintiff,

v.

HOME RETENTION SERVICES, INC., *et al.*,

      Defendants.

_____/

## <u>OMNIBUS ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration of an Order of Dismissal for Failure to Effectuate Service of Process, (D.E. 112), a Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant The Bank of New York Mellon , (D.E. 101), and Motions to Dismiss for Failure to State a Claim filed by Defendants Bank of America, N.A., Bank of America Corporation, Countrywide Mortgage Ventures, LLC, Countrywide Financial Corporation, Countrywide Home Loans, Inc., Home Retention Services, Inc., Stewart Lender Services, Inc. and The Bank of New York Mellon, (D.E. 39, 47, 48 and 101).

THE COURT has considered the motions and the pertinent portions of the record, and is otherwise fully advised in the premises. The motions to dismiss have been fully briefed, and are ripe for determination. The Court need not wait for further briefing to resolve Plaintiff's motion for reconsideration.

## BACKGROUND

The following are the facts as alleged and interpreted in the light most favorable to the Plaintiff. Heather Riley took out a mortgage on her home, which, along with many other Florida

mortgages, was owned by CWABS, Inc. Asset-Backed Certificats Trust 2007-11 ("CWABS 2007-11") and controlled by The Bank of New York Mellon ("BNYM") as trustee of CWABS 2007-11. *First Amended Complaint* at ¶¶ 17, 24, 29, 105. Bank of America, N.A. ("BOA") was the servicer of Riley's mortgage and in that capacity acted as an agent of CWABS 2007-11. *Id.* at ¶ 25.

At some point, Riley defaulted on her mortgage and BNYM brought a foreclosure action against her in Florida. *Id.* at ¶¶ 105, 132. Home Retention Services Inc. ("HRSI"), a subsidiary of Stewart Lender Services, Inc. ("SLS"), was then retained to collect on Riley's mortgage and thereby became an agent of BOA and CWABS 2007-11. *Id.* at ¶¶ 18, 26, 38.

In early 2012, the United Stated Department of Justice and the Attorneys General of forty-nine States entered into a National Mortgage Settlement ("NMS") with several mortgage servicers, including BOA and Bank of America Corp. ("BAC"), resolving claims of deceptive mortgage practices. *Id.* at ¶¶ 70, 71. As part of the agreement, and to encourage principal reductions for mortgagors whose mortgages were underwater, the United States agreed that its Treasury Department would provide lenders with credits to partially offset losses on principal reductions. *Id.* at ¶¶ 75, 83.

On May 14, 2013, HRSI and an HRSI employee named Michael Gabrielli, on behalf of BOA, BNYM, and CWABS 2007-11, sent to Riley a letter offering a mortgage principal reduction. *Id.* at ¶¶ 35, 36. The letter reads in pertinent part:

> We are pleased to inform you that you are approved to start a Trial Period Plan for [a] new modification program ... . This modification program includes significant principal reduction and an affordable monthly payment.
>
> If you complete this Trial Period Plan by making all payments as outlined below, any past

due late fees will be waived, interest and advances that we paid on your behalf will be added to your principal balance, principal reduction will be applied, and your loan will be brought up to date. We will then permanently reduce your principal balance by the amount of $159,686.65.

To accept this offer, you must make your first Trial Period Plan payment by 06/01/2013. Instead of your normal monthly mortgage payments, you must pay the exact amount of your Trial Period Plan payments. In order to receive your permanent modification it is very important that you make your payments on time and in the right amount.

*Id.*, Exhibit A at 3. The letter goes on to identify the amounts owed and payment deadlines under the Trial Period Plan. *Id.* Notwithstanding that HRSI and BOA knew that Riley was represented by an attorney, the letter was sent directly to Riley, who accepted the offer by making all plan payments within the time provided. *Id.* at ¶¶ 36, 44. But because $89,156.02 in unpaid interest, advances and past due late fees was capitalized and added to the $203,131.30 in outstanding principal before it was reduced by $159,686.65, Riley's principal balance was reduced on a net basis by only $70,530.63–from the original $203,131.30 to $132,600.67. *Id.* at ¶¶ 44, 47, 58, 59.

On January 10, 2014, Riley filed this suit against HRSI, SLS, BOA, BAC, BNYM, Countrywide Mortgage Ventures, LLC, Countrywide Home Loans, Inc. and Countrywide Financial Corp. (collectively "Countrywide"), the Certificate-Holders of CWABS 2007-11, Phillip Ewing, Michael Gabrielli and Elisabeth Ramsay, bringing claims of: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Promissory Estoppel; (4) Unjust Enrichment; (5) Violations of the Fair Debt Collections Practices Act; (6) Violations of the Florida Consumer Collections Practices Act; (7) Violations of the Texas Debt Collection Act; (8) Violations the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (9) Conspiracy to Violate the RICO statutes.

## FAILURE TO EFFECTUATE SERVICE OF PROCESS

On May 13, 2014, because 120 days had elapsed since Plaintiff filed suit and because no verified proof of service had been filed as to Defendants Phillip Ewing, Michael Gabrielli, Elisabeth Ramsay and the Certificate-Holders of CWABS 2007-11, the Court dismissed all counts against those Defendants. D.E. 106. Plaintiff now moves for reconsideration, arguing that the Court did not afford her an opportunity to argue that good cause existed to extend the 120-day deadline set forth in Federal Rule of Civil Procedure 4(m). D.E. 112.

In its motion, Plaintiff shows good cause to extend the service deadline as to Michael Gabrielli. Specifically, Plaintiff asserts that Gabrielli was served on May 12, 2014, which is only two days after the 120-day deadline. Plaintiff, however, fails to justify an extension of time as to the other Defendants; notwithstanding that nearly 30 days have elapsed since the service deadline, Plaintiff has yet to effectuate service of process as to Phillip Ewing, Elisabeth Ramsay or the Certificate-Holders of CWABS 2007-11. And Plaintiff fails to show good cause for this failure. Accordingly, the Court will vacate the Order of Dismissal, but only to the extent that it dismisses claims against Michael Gabrielli.

## PERSONAL JURISDICTION

A plaintiff bears the burden of alleging in the complaint sufficient facts to make out a prima facie case of personal jurisdiction. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Court must accept the alleged facts as true to the extent that they are uncontested. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). But where the defendant controverts allegations showing jurisdiction with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting those allegations unless the

defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citations omitted); *Whitney Information Network, Inc. v. Xcentric Venture, LLC*, 199 F. App'x 738, 741 (11th Cir. 2006) (internal citations omitted); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999). If the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Morris v.  SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

Typically, in ruling on a motion to dismiss for lack of personal jurisdiction, the Court undertakes a two-part analysis in which it determines: (1) whether Florida's long-arm statute provides a basis for personal jurisdiction; and (2) whether sufficient minimum contacts exist between the defendant and Florida so as to satisfy the Due Process Clause of the Fourteenth Amendment. *See See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)*.* But here, BNYM waives argument under Florida's long-arm statute and asserts only that Plaintiff fails to allege facts supporting personal jurisdiction under the Due Process Clause. Accordingly, the Court will consider only the second prong of the traditional analysis.

Under the Due Process Clause of the Fourteenth Amendment, courts have jurisdiction over nonresident defendants only where those defendants have "minimum contacts" with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Plaintiff argues that she has alleged facts supporting specific personal jurisdiction.

Whether a forum may assert specific personal jurisdiction over a nonresident defendant

depends on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotations omitted). "[T]he relationship must arise out of contacts that the 'defendant *himself* ' creates with the forum." *Id.* at 1122 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). And those contacts must be purposeful; the defendant must be said to have invoked the benefits and protections of the laws of the forum. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The focus is on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1122. Thus, while the concept of foreseeability is relevant to the analysis, "the kind of foreseeability critical to the proper exercise of personal jurisdiction is not the ability to see that the acts of third persons may affect the forum, but rather that the defendant's own purposeful acts will have some effect in the forum." *Madara v. Hall*, 916 F.2d 1510, 1516-17 (11th Cir. 1990).

Here, Plaintiff alleges that HRSI sent the deceptive letter offering a mortgage principal reduction on behalf of BNYM. BNYM does not dispute that this fact would support specific personal jurisdiction, but instead argues only that the allegation is conclusory. However, it is reasonably plausibly that HRSI would send the letter offering a mortgage principal reduction on behalf of the trustee of the trust that owned the mortgage, which here is BNYM. And because BNYM proffers no affidavit evidence controverting the allegation that the letter was sent on its behalf, the Court must assume the truth of the allegation. Accordingly, Plaintiff has met her burden of showing that the Court has personal jurisdiction over BNYM.

## FAILURE TO STATE A CLAIM

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Factual allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court does not view each fact in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.*, 551 U.S. at 322. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).  Defendants move to dismiss each of Plaintiff's nine causes of action. The Court considers each in turn.

<u>Breach of Contract</u>

Under Florida's Banking Statute of Frauds, "an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation" is unenforceable unless memorialized in a writing signed by both the creditor and the debtor. Fla. Stat. § 687.0304. The agreement contemplated in the May 14, 2013, letter

clearly falls within Florida's Banking Statute of Frauds, and Plaintiff does not argue otherwise.

*See Bloch v. Wells Fargo Home Mortgage*, 13-10680, 2014 WL 351688 (11th Cir. Feb. 3, 2014)

(finding that a loan modification agreement fell within the scope of Florida's Banking Statute of

Frauds); *Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship,* 45 So.3d 897, 902–03

(Fla. 3d DCA 2010) (finding that a forbearance agreement, under which the creditor granted

certain financial accommodations to the debtor, fell within the scope of Florida's Banking Statute

of Frauds). And because the letter was not signed by Plaintiff, the agreement is unenforceable.[1]

Accordingly, Plaintiff's claim for breach of contract will be dismissed with prejudice.

> Breach of Implied Covenant of Good Faith and Fair Dealing

A breach of the implied covenant of good faith and fair dealing does not give rise to a

cause of action independent of an action for breach of contract. *Centurion Air Cargo, Inc. v.

United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citing *Cox v. CSX Intermodal,

Inc.,* 732 So.2d 1092, 1097 (Fla. 1st DCA 1999)). Here, because the contract in question is

unenforceable for failure to satisfy Florida's Banking Statute of Frauds, Plaintiff's claim for

breach of implied covenant of good faith and fair dealing fails and will be dismissed.

> Promissory Estoppel

The doctrine of promissory estoppel may not be used to circumvent the Statute of Frauds.

*DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 97 (Fla. 2013). Plaintiff neither

disputes this point nor attempts to distinguish her promissory estoppel claim. Accordingly,

---

[1] While the Statute of Frauds is an affirmative defense, dismissal for failure to state a claim is
warranted where, as here, the defense is apparent on the face of the complaint. *See, e.g.*, *Am.
Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1177 (M.D. Fla.
2005). Plaintiff does not argue otherwise.

Plaintiff's promissory estoppel claim fails and will be dismissed with prejudice.

<u>Unjust Enrichment</u>

To state a claim for unjust enrichment, a plaintiff must allege that: (1) he conferred a benefit on the defendant; (2) the defendant knowingly accepted or retained the benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *See, e.g.*, *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. 5th DCA 2007). Plaintiff alleges two forms of benefits accepted by Defendants: (1) Trial Period Plan payments paid by Plaintiff; and (2) National Mortgage Settlement payments or credits conferred by the United States Treasury to incentive mortgage principal reductions.

Clearly, payments made by the United States Treasury pursuant to the National Mortgage Settlement were not conferred by Plaintiff and therefore do not support her claim for unjust enrichment. And while Plaintiff's Trial Period Plan payments do constitute a benefit, Defendants' retention of those benefits would not be inequitable under the facts alleged because Plaintiff does not allege that she paid more under the Trial Period Plan than she owed under the original mortgage on either a cumulative or periodic basis. *See Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1366 (S.D. Fla. 2011) (finding that defendants' retaining payments for accrued fees, interest and monthly payments made pursuant to a Trial Period Plan would not be inequitable because the plaintiffs "were legally obligated under their mortgages to pay default interest, fees, and penalties, in addition to larger monthly payments than those made under the Trial Period Plan"). Accordingly, Plaintiff fails to state a claim for unjust enrichment.

<u>Substantive RICO: Section 1962(c)</u>

To state a claim under 18 U.S.C. § 1964(c) for a violation of 18 U.S.C. § 1962(c), a

plaintiff must allege that the defendant participated in an illegal enterprise and conducted or participated in the conduct of the enterprise's affairs "through a pattern of racketeering activity," thereby causing injury to the business or property of the plaintiff. 18 U.S.C. § 1962(c); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010); *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1283 (11th Cir. 2006). In order to plead a pattern of racketeering, a plaintiff must allege at least two related predicate acts of "racketeering activity." *Am. Dental Ass'n*, 605 F.3d at 1290–91 (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). Here, because the only racketeering activity alleged is mail and wire fraud, Plaintiff's substantive RICO claims must comply with both the plausibility standard of Federal Rule of Civil Procedure 8(a)(2) as set forth in *Twombly* and *Iqbal* and the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* at 1290.

To satisfy the heightened pleading standard of Rule 9(b), the party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A plaintiff may satisfy this standard by precisely alleging: (1) the statements made and the communications in which they were contained; (2) the time and place of each such statement and the person responsible for making each statement; (3) the content of each statements and the manner in which each statement misled the plaintiff; and (4) that which the defendant obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). A plaintiff must also allege facts "with respect to each defendant's participation in the fraud." *Am. Dental Ass'n.*, 605 F.3d at 1291.

Here, Plaintiff's allegation that an illegal enterprise existed and that the Defendants participated in this enterprise is conclusory. Further, Plaintiff fails to allege the specific conduct

-10-

of each particular Defendant, how that conduct relates to the enterprise and how that conduct caused Plaintiff injury. For these reasons, Plaintiff fails to state a violation of Section 1962(c).

RICO Conspiracy: Section 1962(d)

To state a claim under 18 U.S.C. § 1964(c) for a violation of 18 U.S.C. § 1962(d), a plaintiff must allege that the defendant conspired to violate a substantive provision of the RICO statutes either by: (1) agreeing to the overall objective of the conspiracy; or (2) agreeing to commit two predicate acts . 18 U.S.C. § 1962(d); *Am. Dental Ass'n*, 605 F.3d at 1291 (quoting *Republic of Panama v. BCCI Hlldings (Luxembourg) S.A.*, 119 F.3d 395, 950 (11th Cir. 1997)). In short, the bare-bones Complaint is devoid of any factual allegations from which it can be reasonably inferred that any Defendant agreed with another to engage in a scheme to defraud mortgagors or agreed with another to commit two or more acts of mail or wire fraud. Accordingly, Plaintiff fails to state a violation of Section 1962(d).

Claims against BAC, Countrywide and SLS

While Plaintiff brings claims against BAC, Countrywide and SLS, all allegations that any conduct was undertaken by, or attributable to, BAC, Countrywide or SLS are conclusory. Accordingly, Plaintiff fails to state any claim against BAC, Countrywide or SLS.

## SHOTGUN PLEADING

Plaintiff's First Amended Complaint is abysmal and possesses all the characteristics of a typical shotgun pleading; the 71-page Complaint, which contains 217 numbered paragraphs, numerous lettered subparagraphs and an additional 90 pages of exhibits, brings against twelve Defendants nine separate causes of action, with each incorporating by reference every paragraph and subparagraph that precedes it. As a result, most of the counts contain irrelevant factual

allegations and legal conclusions, which forces both the Court and Defendants to surmise which allegations are intended to support which claims. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Accordingly, in the interest of justice and in fairness to Defendants, the Court will dismiss the Complaint with instructions for Plaintiff to replead all claims not herein dismissed. Defendants will thereafter have an opportunity to challenge the substance of those claims with the benefit of a coherent Complaint.

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration, (D.E. 112), is GRANTED IN PART and DENIED IN PART. The Court's Order of Dismissal, (D.E. 106), is VACATED to the extent that it dismisses Plaintiff's claims against Michael Gabrielli. The Motion is DENIED in all other respects. Plaintiff SHALL file verified proof of service as to Michael Gabrielli within 10 days. Further, it is hereby

ORDERED AND ADJUDGED that Defendants' Motions to Dismiss, (D.E. 39, 47, 48 and 101), are GRANTED IN PART and DENIED IN PART. Count II (Breach of Contract), Count III (Breach of Implied Covenant of Good Faith and Fair Dealing) and Count IX (Promissory Estoppel) are DISMISSED WITH PREJUDICE. Count VI (Substantive RICO), Count VII (RICO Conspiracy) and Count VIII (Unjust Enrichment), as well as all claims against Bank of America Corporation, Countrywide Mortgage Ventures, LLC, Countrywide Financial Corporation, Countrywide Home Loans, Inc. and Stewart Lender Services, Inc., are DISMISSED WITHOUT PREJUDICE. The motions are DENIED in all other respects. Further, Defendants'

Motion for a Hearing, (D.E. 38), and Plaintiff's Motions to Strike Attachment, (D.E. 76), and for Leave to File Additional Evidence upon Receipt of Pending Discovery, (D.E. 110), are DENIED AS MOOT. Lastly, it is hereby

ORDERED AND ADJUDGED that Plaintiff SHALL, within 10 days, file a Second Amended Complaint repleading all surviving claims. While Plaintiff is granted leave to amend all claims dismissed without prejudice for failure to state a claim, Plaintiff is on notice that the Second Amended Complaint will be immediately dismissed if filed in the form of a shotgun pleading. Further, if Plaintiff elects to pursue a claim under the RICO statutes, she must attach to her Complaint a RICO case statement. The statement must be in a form which uses the numbers and letters as set forth below, and must state with specificity the following information:

1.    State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2.    List each Defendant and state the alleged misconduct and basis of liability of each Defendant.

3.    List the alleged wrongdoers, other than the Defendants listed above, and state the alleged misconduct of each wrongdoer.

4.    List the alleged victims and state how each victim was allegedly injured.

5.    Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

       a.    List the alleged predicate acts and the specific statutes which were allegedly violated;

       b.    Provide the dates of the predicate acts, the participants in the each predicate act, and a description of the facts surrounding each predicate act;

       c.    If the RICO claim is based in whole or in part on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances

constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

d.      State whether there has been a criminal conviction for violation of the predicate acts;

e.      State whether civil litigation has resulted in a judgment in regard to the predicate acts;

f.      Describe how the predicate acts form a "pattern of racketeering activity"; and

g.      State whether the alleged predicate acts relate to each other as part of a common plan.  And if so, describe in detail.

6.      Describe in detail the alleged enterprise for each RICO claim.  A description of the enterprise shall include the following information:

a.      State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

b.      Describe the structure, purpose, function and course of conduct of the enterprise;

c.      State whether any Defendants are employees, officers or directors of the alleged enterprise;

d.      State whether any Defendants are associated with the alleged enterprise;

e.      State whether the Defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f.      If any Defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such Defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.      State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

-14-

8.    Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs form the usual and daily activities of the enterprise, if at all.

9.    Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.   Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.   If the Complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

   a.    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

   b.    Describe the use or investment of such income.

12.   If the Complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

   a.    State who is employed by or associated with the enterprise; and

   b.    State whether the same entity is both the liable "person" and the "enterprise" under §1962(c).

13.   If the Complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

14.   Describe the alleged injury to business or property.

15.   Describe the direct casual relationship between the alleged injury and the violation of the RICO statute.

16.   List the damages sustained for which each Defendant is allegedly liable.

17.   List all other federal causes of action, if any, and provide the relevant statutes.

18.   List all pendent state claims, if any.

19.   Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

-15-

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf